**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LORIE GUILLEN,

*Plaintiff*

v.

CHANDAN SUBARNA CORP. and
CHANDAN K. SENGUPTA, Individually,

*Defendants*

Civil Action No. 1:20-cv-05740-KPF

**ANSWER**

Defendants Chandan Subarna Corp. ("Chandan Subarna") and Chandan K. Sengupta ("Sengupta") (collectively, "Defendants"), by and through counsel, THOMPSON & SKRABANEK, PLLC, answer the Complaint of Lorie Guillen as follows:

## NATURE OF THE ACTION

1.      Defendants admit this appears to be an action under the Fair Labor Standards Act to recover wages. Defendants deny any liability to Plaintiff.

## JURISDICTION AND VENUE

2.      Defendants admit the Court has jurisdiction over this matter.

3.      Defendants admit the Court has supplemental jurisdiction over Plaintiff's state law claims in this matter.

4.      Defendants admit the Court has jurisdiction over this matter.

5.      Defendants admit the Court has jurisdiction over this matter.

6.      Defendants admit the allegations in Paragraph 6 of the Complaint.

7.      Defendants admit venue is proper in this district.

## PARTIES

8.       Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.       Defendants admit the allegations in Paragraph 9.

10.      Defendants admit the allegations in Paragraph 10.

11.      Defendants deny the allegations in Paragraph 11.

12.      Defendants admit the allegations in Paragraph 12 except that Sengupta controls the terms and conditions of Plaintiff's employment.

13.      Defendants deny the allegations in Paragraph 13.

14.      The allegations in Paragraph 14 are legal conclusions that Defendants need not admit or deny.

## MATERIAL FACTS

15.      Defendants admit the allegations in Paragraph 15.

16.      Defendants admit the allegations in Paragraph 16.

17.      Defendants deny the allegations in Paragraph 17.

18.      Defendants admit the allegations in Paragraph 18.

19.      Defendants deny the allegations in Paragraph 19.

20.      Defendants deny the allegations in Paragraph 20.

21.      The allegations in Paragraph 21 are legal conclusions that Defendants need not admit or deny.

22.      Defendants deny the allegations in Paragraph 22.

23.      Defendants deny the allegations in Paragraph 23.

24.      Defendants deny the allegations in Paragraph 24.

25.      Defendants deny the allegations in Paragraph 25.

26.     Defendants deny the allegations in Paragraph 26.

27.     Defendants deny the allegations in Paragraph 27.

28.     Paragraph 28 contains no allegations to admit or deny.

29.     Defendants deny the allegations in Paragraph 29.

30.     Defendants deny the allegations in Paragraph 30.

31.     Defendants deny Plaintiff is entitled to punitive damages.

32.     Defendants deny the allegations in Paragraph 32.

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants deny the allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants admit the allegations in Paragraph 36.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

## FIRST CAUSE OF ACTION

38.     Paragraph 38 contains no allegations to admit or deny.

39.     Defendants deny the allegations in Paragraph 39.

40.     The allegations in Paragraph 40 are legal conclusions that Defendants need not admit or deny.

41.     Defendants deny the allegations in Paragraph 41.

42.     Defendants deny the allegations in Paragraph 42.

## SECOND CAUSE OF ACTION

43.     Paragraph 43 contains no allegations to admit or deny.

44.     The allegations in Paragraph 44 are legal conclusions that Defendants need not

admit or deny.

45.     Defendants deny the allegations in Paragraph 45.

46.     Defendants deny the allegations in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47.

48.     The allegations in Paragraph 48 are legal conclusions that Defendants need not admit or deny.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

## THIRD CAUSE OF ACTION

51.     Paragraph 51 contains no allegations to admit or deny.

52.     Defendants deny the allegations in Paragraph 52.

53.     Defendants deny the allegations in Paragraph 53.

54.     Defendants deny the allegations in Paragraph 54.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57.

## FOURTH CAUSE OF ACTION

58.     Paragraph 58 contains no allegations to admit or deny.

59.     Defendants deny the allegations in Paragraph 59.

60.     The allegations in Paragraph 60 are legal conclusions that Defendants need not admit or deny.

61.     Defendants deny the allegations in Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants deny the allegations in Paragraph 63.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief may be granted.

2.     Sengupta is not a proper defendant in this action in that he was not Plaintiff's "employer" within the scope of the Fair Labor Standards Act or New York State Labor Law.

3.     Defendants at all times acted in good faith to comply with the FLSA and the New York State Labor Law and with reasonable grounds to believe their actions did not violate the statutes cited in the Complaint.

4.     Defendants at all times acted with a lack of willfulness or intent to violate the FLSA or any other statutes cited in the Complaint, and thus, Plaintiff cannot establish a willful violation of any applicable statute.

5.     Plaintiff's claims are barred, in whole or in part, because Defendants' actions taken in connection with Plaintiff's compensation were done in good faith, in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

6.     Plaintiff's claims are barred in whole or in part to the extent the work performed falls within exceptions, exemptions, exclusions, offsets, or credits, including, but not limited to, those provided in Sections 7 and 13 of the FLSA, 29 U.S.C. § 207, and the laws and regulations of the State of New York.

7.     To the extent Plaintiff falsely reported her work hours and Defendants did not authorize same, Plaintiff is estopped from asserting claims against Defendants.

8.     Even if Defendants have, in fact, failed to pay Plaintiff for any of the activities

alleged, such activities do not constitute compensable work under the FLSA, and furthermore, such activities were not an integral and indispensable part of Plaintiff's principal activities of employment and are not compensable.

9. Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the Fair Labor Standards Act and New York State Labor Law.

10. Neither liquidated damages nor attorneys' fees may be awarded under New York State Labor Law § 198 on a claim for spread of hours pay because spread of hours pay is neither a wage nor a wage supplement.

11. Plaintiff has no actual damages and has failed to mitigate her alleged damages.

## <u>RESERVATION OF RIGHTS</u>

Defendants reserves their right to interpose additional defenses as information becomes available through the progress of this action or during the course of discovery.

WHEREFORE, Defendants pray that upon final hearing and trial, Plaintiff's claims be denied and dismissed, that Defendants be awarded judgment against Plaintiff for their attorneys' fees and costs as allowed by law, and for any other or further relief to which Defendants may be justly entitled.

Dated: August 20, 2020
New York, New York

Respectfully submitted,

THOMPSON & SKRABANEK, PLLC

By: _____
J.R. Skrabanek, Esq.
42 W. 38th Street, Suite 1002
New York, NY 10018

Tel: (646) 568-4280
jrs@ts-firm.com

ATTORNEYS FOR DEFENDANTS